IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYMAN MOORE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-512 |
| | : | |
| BERKS COUNTY JAIL SYSTEM, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**　　　　　　　　　　　　　　　　　　　　　　　**OCTOBER 18, 2019**

Wayman Moore, who was formerly a prisoner in the Berks County Jail System ("BCJS"), filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 2) along with a Motion to Proceed *In Forma Pauperis* (ECF No. 1).[1]  Because it appears that Moore is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.  For the following reasons, the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

**I.　　FACTS**[2]

Moore alleges that during some portion of the time that he was in custody at the BCJS from September 18 to October 18, 2018, he was not served meat as part of his meals. Specifically, he alleges that he informed prison officials that he did not drink milk and requested a non-dairy diet.  (ECF No. 2 at 7.)  His meals thereafter mistakenly did not contain any meats.

---

[1] Although Moore does not so state in his Complaint, a review of public records indicates that Moore was a pretrial detainee at the BCJS from the date he was arrested on charges of retail theft on September 18, 2018.  He later entered a guilty plea to the charge on December 6, 2018.  *See Commonwealth v. Moore*, CP-6-CR-4207-2018 (Berks Cty. C.C.P.)

[2] The facts set forth in this Memorandum are taken from Moore's Complaint.

(*Id.*)  He complained to a prison official who contacted Defendant Kitchen Officer Mata.  (*Id.*)  Mata allegedly refused his request for meat meals.  (*Id.*)  Moore claims that his body "started to rejecting the food I was being fed, I couldn't hold it down."  (*Id.*)  He claims that he had to eat his meals in his cell near his toilet and speculates that this caused cross-contamination.  (*Id.*)

Moore alleges that he asked to go to medical about his reaction to his food.  His request was denied by Defendant Estes, who told him to return to his cell.  (*Id.*)  He filed a grievance about Estes but never received a reply.  (*Id.*)  On October 13, 2018, he again complained about his food, but Defendant Mata threatened that he would be placed in administrative segregation if he continued to complain.

Moore contacted Defendant Jesse Kirsch PA-C in the medical department about his meatless meals, claiming it was causing him to starve and have headaches, but Kirsch would not help.  (*Id.* at 6.)  Defendant Nurse Christine Satter told Moore that there was nothing she could do for him.  (*Id.*)  Defendant Sergeant Davis "just shrugged his shoulders" and told him to hold on for a few more days when Moore complained to him on October 13, 2018.  (*Id.*)  Shortly thereafter he was placed on a normal diet, allegedly after he filed an emergency grievance and addressed a letter to the deputy warden, "[b]ut the damage has been done."  (*Id.*)  He alleges he was "starved" and "force fed."  (*Id.*)  Finally, Moore alleges that Defendant Lt. Weber failed to properly investigate his grievance.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Moore leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. §

---

[3] Because Moore was incarcerated when he filed this case, this civil action, the Prison Litigation Reform Act ("PLRA") applies, even though he has since been released from imprisonment.  *See, e.g., In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he

1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). In addition, § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Moore is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. BCJS is Not a "Person" Subject to Suit Under § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). At the outset the Court notes that Moore named the BCJS as a Defendant in this action. This § 1983 claim is dismissed as frivolous because a jail is not a "person" under § 1983. *Miller v.*

---

files a civil action, the PLRA applies."). Thus, Moore must pay an initial partial filing fee. *See Drayer v. Att'y Gen. of Del.*, 81 F. App'x 429, 431 (3d Cir. 2003) (per curiam) ("We agree with the District Court's reasoning that once [plaintiff's] fee obligations under the PLRA accrued, his subsequent release from prison did not relieve him of his obligation under the PLRA to pay the initial fee . . . ."); *see also Stewart v. Wackenhut Corr. Corp.*, Civ. A. No. 01-731, 2006 WL 1623268, at *1 (E.D. Pa. June 8, 2006).

3

*Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976); *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) ("Westmoreland County Prison is not a person capable of being sued within the meaning of § 1983.")).

### B. Claims Based on Grievances

Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Moore about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice. Furthermore, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Accordingly, the claim against Defendant Lt. Weber, based on his failure to investigate Moore's grievance is dismissed for failure to state a plausible claim under § 1915(e)(2)(B)(ii).

### C. Claims Based on Moore's Meatless Meals

Pretrial detainees like Moore are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials

act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 295 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a prisoner or detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson*, 501 U.S. at 298-99; *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)). In the Eighth Amendment context applicable to convicted individuals, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 835.

Moore's claims against Defendants Corrections Officer Estes, Sgt. Davis and Kitchen Officer Mata based on his being given meatless meals for some portion of the time he was confined at BCJS, as well as the Defendants' responses to his complaints about his meals, fail to state plausible claims because the deprivation was insufficiently serious. Moore does not claim

that he was not fed, only that he mistakenly did not receive the type of meals he preferred for a period of approximately one month. As there is no allegation that he was denied food, his claim based on being "starved" and "force fed" meals not of his liking is not plausible and is dismissed for failure to state a plausible claim under § 1915(e)(2)(B)(ii).[4]

### D. Claims Based on Having to Eat in a Cell

Part of Moore's Complaint asserts that the had to eat his meals in his cell. Courts have held that the practice of requiring inmates to eat in a cell containing a toilet does not violate the Constitution.[5] *See Detainees of Brooklyn House of Det. for Men v. Malcolm*, 520 F.2d 392, 396 n.3 (2d Cir. 1975) ("The discomfort of eating in a cell is not, of itself, an unconstitutional hardship."); *Randall v. Cty. of Berks*, Civ. A. No. 14-5091, 2015 WL 5027542, at *15 (E.D. Pa. Aug. 24, 2015) ("[S]erving a pretrial detainee meals in a cell that can be eaten at his desk, even if

---

[4] The Court notes that in response to one of Moore's grievances about his meals, the Medical Department, in explaining why he was receiving lactose-free meals, mentioned that on intake on September 15, 2018, Moore weighed 252 pounds. Moore responded "as of 10/16/18 I'm still 252 lbs." (ECF No. 2 at 21.) He also acknowledged that he was being fed meals of beans, potatoes, vegetables such as salad and beets, fruits such as apple sauce, and pretzels. (*Id.*) Moore's own contemporaneous statement to the Medical Department that he had not lost any weight as a result of his having received meatless meals that appear to have contained proteins, vegetables and fruits further demonstrates why his claim that he was "starved" is implausible.

[5] Many of the cases addressing this practice concern the Eighth Amendment, which applies to convicted prisoners. *See Herb v. Dauphin Cty. Prison*, Civ. A. No. 12-1402, 2012 WL 3062225, at *2 (M.D. Pa. July 26, 2012) ("Albeit distasteful, being required to eat in his cell under such conditions [i.e., where a foul ammonia odor from the toilet caused plaintiff's eyes to burn] does not amount to an Eighth Amendment deprivation."); *Walters v. Berks Cty. Prison*, Civ. A. No. 11-6357, 2012 WL 760849, at *1 (E.D. Pa. Mar. 9, 2012) (allegations that plaintiff had to sleep and eat next to a toilet while incarcerated at the Berks County Jail failed to state a claim); *Flores v. Wagner*, Civ. A. No. 11-1846, 2011 WL 2681596, at *5 (E.D. Pa. July 8, 2011) ("Requiring an inmate to eat in a cell a few feet away from a toilet is insufficient to implicate a conditions of confinement claim that is repugnant to contemporary standards of decency."); *Smith v. U.S. Penitentiary Lee*, Civ. A. No. 11-77, 2011 WL 767165, at *2 (W.D. Va. Feb. 25, 2011) (plaintiff failed to state claim based on allegations that he was required to eat meals in cell with toilet sometimes filled with excrement).

the cell has a toilet, does not violate the Due Process Clause of the Fourteenth Amendment."); *Caldwell v. Cabarrus Cty. Jail*, Civ. A. No. 12-586, 2012 WL 2366451, at *2 (M.D.N.C. June 21, 2012) ("[H]aving to eat in a cell with an unflushed toilet" does not violate the Constitution), *report and recommendation adopted*, 2013 WL 1344452 (M.D.N.C. Apr. 2, 2013); *Mestre v. Wagner*, Civ. A. No. 11-2191, 2012 WL 299652, at *4 & *4 n.4 (E.D. Pa. Feb. 1, 2012) ("[A]s other courts have held, we conclude that serving a pretrial detainee meals in a cell that has a toilet does not violate the Due Process Clause of the Fourteenth Amendment."); *Kinser v. Cty. of San Bernardino*, Civ. A. No. 11-0718, 2011 WL 4801899, at *4 (C.D. Cal. Aug. 25, 2011), (plaintiff's allegation that "she has been confined to her cell more than 22 hours a day and that she has had to eat all her meals in her cell in close proximity to her toilet" did not state a Fourteenth Amendment claim), *report and recommendation adopted*, 2011 WL 4802850 (C.D. Cal. Oct. 11, 2011). Indeed, this particular practice at Berks County Jail has been held to conform to the Fourteenth Amendment as a legitimate means of managing overcrowding and maintaining security. *See Randall*, 2015 WL 5027542, at *15; *Mestre*, 2012 WL 299652, at *4. Thus, Moore's claim that he was required to eat his meals in his cell is also not plausible and is dismissed pursuant to § 1915(e)(2)(B).

### E. Claims Involving Deliberate Indifference to Serious Medical Needs

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[6] *See Farmer*, 511 U.S. at 835. A prison official is not deliberately

---

[6] As Moore was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs this claim as well. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v.*

7

indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like Defendant Prime Care Medical, Inc. liable for a constitutional violation under § 1983, Moore must allege the provider

---

*Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

The claims against Defendants Nurse Christine Satter and Jesse Kirsch PA-C, which are based on Moore's allegations that these Defendants did not change his diet after he complained to them, are not plausible because Moore has failed to allege they were deliberately indifferent to a serious medical need. Again, he does not assert that he was denied food, only that he was not given the meals he wished to receive. There is no assertion that his meatless meals over the short period he describes in the Complaint caused Moore to suffer an illness that a physician determined required treatment or one that was so obvious that lay persons such as Defendant Correction Officer Estes, Sgt Davis or Kitchen Officer Mata would easily recognize the necessity for a doctor's attention. The claim against Prime Care Medical, Inc. is also implausible for the same reason, as well as because respondeat superior liability is not appropriate and there is no allegation of a policy or custom to deny medical treatment.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Moore leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).[7] Moore will not

---

[7] Moore also raises vague, speculative assertions that he was discriminated against based on his race and/or racism. These assertions are too underdeveloped and speculative to state a plausible claim.

be given leave to amend his claims because the Court finds amendment would be futile. An appropriate Order follows.

                              **BY THE COURT:**

                              **/s/ Jeffrey L. Schmehl**
                              **JEFFREY L. SCHMEHL, J.**