IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYMAN MOORE, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-512 |
| : | |
| BERKS COUNTY JAIL SYSTEM, : | |
| *et al.*, : | |
|     Defendants. : | |

## ORDER

AND NOW, this 18th day of October, 2019, upon consideration of Wayman Moore's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 14), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Because Moore was incarcerated at the time he filed this civil action, the Prison Litigation Reform Act ("PLRA") applies, even though he has since been released from imprisonment. *See, e.g., In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."). Thus, Moore is **ORDERED** to pay an initial partial filing fee of $5.53, which the Court has calculated based on the information in his prison account statement. *See Drayer v. Att'y Gen. of Del.*, 81 F. App'x 429, 431 (3d Cir. 2003) (per curiam) ("We agree with the District Court's reasoning that once [plaintiff's] fee obligations under the PLRA accrued, his subsequent release from prison did not relieve him of his obligation under the PLRA to pay the initial fee . . . ."); *see also Stewart v. Wackenhut Corr. Corp.*, Civ. A. No. 01-731, 2006 WL 1623268, at *1 (E.D. Pa. June 8, 2006).

    3.    The Complaint is **DEEMED** filed.

4. The Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) for the reasons stated in the Court's Memorandum.

5. The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**